IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD D. SNELL, | : | No.  4:06-cv-2133 |
| | : | |
| Plaintiffs, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| CITY OF YORK, *et. al*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**May 10, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint

pursuant to Fed. R. Civ. P. 12(b)(6) ("the Motion")(doc. 9) filed by Defendants

City of York, York Mayor John S. Brenner, York Police Commissioner Mark L.

Whitman, and York Sergeant Ronald Camacho on January 8, 2007.

For the reason that follow, the Motion shall be granted in part and denied in

part.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**:

Plaintiff Edward Snell ("Plaintiff" or "Snell") is a Christian, pro-life advocate

who periodically appears at the Planned Parenthood of Central Pennsylvania facility

in the City of York to demonstrate his anti-abortion views.  (Complaint, ¶¶8-14).

Plaintiff avers that there have been no physical confrontations or altercations

between the anti-abortion activists and Planned Parenthood personnel at the facility

in recent years.  (Complaint, ¶15).  The complaint asserts that despite the lack of

violence, the City of York, its mayor and Police Chief have routinely dispatched

police officers to Planned Parenthood at the request of the facility to serve as

private security guards for Planned Parenthood.  Plaintiff believes and therefore

avers that Planned Parenthood pays for the police officers and directs their actions.

(Complaint, ¶16).

On November 3, 2004, Plaintiff was present at Planned Parenthood with

information to give to pregnant women attending the facility.  (Complaint, ¶¶17-18).

On that date Defendant Camacho warned Plaintiff at two separate times that

Plaintiff could not be in Rose Alley.  Plaintiff claims that Planned Parenthood staff

were given unfettered access to Rose Alley.  After the second warning, Plaintiff

attempted to approach another pregnant woman in Rose Alley. (Complaint, ¶¶19-

21).  Defendant Camacho grabbed Plaintiff from behind and placed him under

arrest.  (Complaint, ¶21).  Plaintiff claims that the handcuffs were too tight, cut off

his circulation, and left his hands sore and bruised.  (Complaint, ¶22).  Plaintiff was

taken to the York City Police Department and was issued a summary citation for

disorderly conduct.  (Complaint, ¶¶24-25).  Following a hearing, District Justice Haskell found Plaintiff not guilty.  (Complaint, ¶26).  Plaintiff alleges that from that time continuing through the present, he is threatened with arrest if he enters Rose Alley for the purpose of speaking against abortion.  (Complaint, ¶27).

Plaintiff initiated this civil action by filing a complaint (doc. 1) on October 31, 2006 seeking nominal, compensatory and punitive damages; a declaratory judgment; and temporary and permanent injunctive relief.  The complaint attempts to assert civil rights claims pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's First Amendment rights to free exercise of religion (Count I); peaceful assembly (Count II); free speech (Count III); unlawful arrest (Count IV); and excessive force (Count V).  The complaint names the City of York, Brenner, Whitman and Camacho as Defendants.  Defendants Brenner and Whitman are named in their official capacities only, and Defendant Camacho is being sued in his official and individual capacities.

On January 8, 2007, the Defendants filed the instant Motion.  The Motion has been fully briefed by the parties and is therefore ripe for our review.

**<u>STANDARD OF REVIEW</u>**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See <u>Scheuer v. Rhodes,</u>

416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to

state a claim argument, a court should "not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S.

41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d4 310 (3d Cir.

1986).

**DISCUSSION**:

    **A.**    **Merger of Claims**

At the outset we note that the claims against Defendants Brenner and

Whitman in their official capacities shall be dismissed because they merge, as a

matter of law, with the §1983 claims asserted against the Defendant City of York,

because suits against a municipal employee in his official capacity is in reality a suit

against a government entity that the employee represents.  Kentucky v. Graham,

473 U.S. 159, 165 (1985).  Courts within the Third Circuit have ruled that claims

against an official in his or her official capacity are redundant with the claims against

4

a municipality that employs the official, and should therefore be dismissed.  Crane v. Cumberland County, PA, 2000 U.S. Dist Lexis 22489, *3 (M.D.Pa. June 16, 2000), aff'd 64 Fed. Appx. 838 (3d Cir. 2003).  Accordingly, the §1983 official capacity claims against Defendants Brenner, Whitman and Camacho shall be dismissed with prejudice.  Inasmuch as the Plaintiff has asserted claims against Defendants Brenner and Whitman in their official capacities only, they shall both be dismissed entirely as parties to this action.

### B.      §1983 Claims Against Defendant City of York

Defendants argue that Plaintiff's complaint fails to state any cognizable §1983 municipal liability claims against Defendant City of York.  It is well-established that municipalities cannot be held liable under 42 U.S.C. §1983 solely because it employs a constitutional tortfeasor.  See Board of Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997).  The Supreme Court has expressly rejected the application of strict *respondeat superior* liability to municipalities because "to adopt lesser standards of fault and causation would open municipalities to unprecedented liability under §1983."  City of Canton v. Harris, 489 U.S. 378, 392 (1989).

The Supreme Court has held that "in enacting §1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to

the municipality itself is the 'moving force' behind plaintiff's deprivation of federal rights." <u>Brown</u>, 520 U.S. at 400 (citing <u>Monell v. New York City Dep't of Social Svcs.</u>, 436 U.S. 658, 694 (1978)(emphasis in original).   Therefore, liability under §1983 may attach for a constitutional deprivation if the municipality itself caused the violations.  <u>See</u> <u>Monell</u> 436 U.S. at 691; <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 276 (3d Cir. 2000).

To establish municipal liability under §1983,a plaintiff must "identify a municipal 'policy' or 'custom' that caused plaintiff's injury." <u>Brown</u>, 520 U.S. at 403; <u>City of Canton</u>, 489 U.S. at 388.  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." <u>Brown</u>, 520 U.S. at 403 (citing <u>Monell</u>, 436 U.S. at 694).  However, "it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to a municipality.  The Plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." <u>Brown</u>, 520 U.S. at 404.

For determining whether a municipality should be held liable under §1983, "deliberate indifference" is the relevant standard.  "Deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor consciously disregarded a known or obvious consequence of his or her action.  Moreover, a plaintiff must demonstrate that a municipal decision reflected deliberate indifference to the risk that a violation of a particular constitutional right would follow the decisions.  See Brown, 520 U.S. at 410-11.

In Brown, the respondent brought a §1983 claim for damages against Byran County, alleging that a county police officer used excessive force in arresting her, and that the county itself was liable for her injuries based upon its sheriff's hiring and training decisions.  The Third Circuit held that Byran County was not liable for the respondent's injuries, reasoning that the hiring of the officer was legal and that the sheriff did not authorize him to use excessive force.  The Third Circuit did not accept the respondent's argument that a single, facially lawful, hiring decision launched a series of events that ultimately caused a violation of federal rights. The Third Circuit instructed that "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."  Id. at 405.

Defendants argue that the City of York cannot be held liable for the actions of Sergeant Camacho merely because that the City contracted with Planned Parenthood to provide extra duty policy officers at the facility.  Plaintiff essentially argues that the policy of dispatching extra duty police officers to Planned Parenthood that the City of York is tacitly acquiescing to any deprivation of rights to citizens caused by the officers serving the extra duty.

Clearly then, the municipal policy or custom that Plaintiff essentially challenges is the City of York's  assignment of extra duty police officers to the Planned Parenthood facility.  Similarly to the challenged municipal action in <u>Brown</u>, the policy of assigning officers to Planned Parenthood is facially legal, and Plaintiff is attempting to hold the municipality liable for an alleged injury caused to him by his interaction with Defendant Camacho. As noted, the jurisprudence resulting from municipality liability cases within our Circuit has designed the "rigorous" standards of culpability and causation precisely to protect defendants like the City of York from allegations such as these.  Plaintiff simply has not alleged, nor could he likely allege, that the City of York's decision to deploy extra officers to Planned Parenthood was a deliberate action *aimed* at depriving constitutional rights of others.  In fact, according to the complaint the only action undertaken by the municipality was the policy regarding extra officers.  (Complaint, ¶16).  All of the

other actions complained of by Plaintiff were undertaken by Defendant Camacho.

Plaintiff makes no allegation that by implementing the policy the City of York

disregarded a known risk that a violation of a particular constitutional right would

follow the decisions.  Accordingly, we find that the Plaintiff has not stated a claim

upon which relief can be granted against the City of York under §1983, and the

complaint shall be dismissed against it.

### C.      §1983 Claims Against Defendant Camacho

Section 1983 provides individuals with a cause of action for violation of

federal law by state actors.  See 42 U.S.C. § 1983.  Section 1983 does not create

substantive rights; instead it provides remedies for deprivation of rights elsewhere

conferred in the Constitution or federal laws.  Kneipp v. Tedder, 95 F.3d 1199,

1204 (3d Cir. 1996).  To establish a §1983 claim, a plaintiff must demonstrate that

(1) a violation of federal rights secured by the Constitution and the laws of the

United States occurred and (2) that the alleged deprivation was committed by a

person acting under color of state law.  Gonzaga University v. Doe, 536 U.S. 273,

284-285 (2002); Nicini v. Morra, 212 F. 3d 798, 806 (3d Cir. 2000).

The Defendants direct the Court to several Third Circuit cases which granted

summary judgment on excessive force claims predicated on allegations that an

arresting officer applied the handcuffs too tight.  We may well come to the same

conclusion at a later point in time in this case, which is that the force used by

Officer Camacho was *de minimis* and does not mete out a constitutional claim.

However we are presented here with a motion to dismiss and not for summary

judgment.  The standard by which we must assess the Plaintiff's claim is grounded

in Fed. R. 12(b)(6). Applying that standard to the allegations pled in the complaint,

Plaintiff has set forth a colorable claim pursuant to §1983 against Defendant

Camacho for excessive force.  Accordingly, we shall deny the Defendants motion

to dismiss on this claim.

## CONCLUSION:

Therefore, for the reasons hereinabove stated, we shall grant in part and deny

in part the Defendants' Motion.  All claims against Defendants Brenner, Whitman

and the City of York shall be dismissed. The claims against Defendant Camacho in

his official capacity shall be dismissed. The claims against Defendant Camacho in

his individual capacity shall remain.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Defendants' Motion to Dismiss (doc. 9) is GRANTED in part to the

following extent:

a.     The complaint is DISMISSED with prejudice against

Defendants Brenner, Whitman and City of York and the Clerk

10

shall terminate these Defendants as parties to the action.

b.      The complaint is DISMISSED with prejudice against Defendant

Camacho in his *official* capacity only.

2.    The Motion is DENIED in all other respects.

s/ John E. Jones III
John E. Jones III
United States District Judge